**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JERRY RENE BUSH,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-0557-Y |
| § | |
| **DOUGLAS DRETKE, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jerry Rene Bush, TDCJ # 1057949, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In August 2000, Bush was charged by indictment with felony driving while intoxicated

(DWI) in Case No. 8183 in the 355th District Court of Hood County, Texas. (State Habeas R. at 43-46.) The indictment also included enhancement and habitual allegations. (*Id.*) On August 16, 2001, a jury found Bush guilty of the offense, true to the enhancement and habitual paragraphs (upon Bush's plea of true), and assessed his punishment at seventy-five years' confinement. (*Id.* at 47.) On February 20, 2003, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Bush v. Texas*, No. 02-01-399-CR, slip op. (Tex. App.–Fort Worth Feb. 20, 2003) (not designated for publication). Thereafter, on September 10, 2003, the Texas Court of Criminal Appeals refused Bush's petition for discretionary review. *Bush v. Texas*, PDR No. 536-03. Bush did not seek writ of certiorari. (Petition at 3.)

On October 15, 2004, Bush filed an application for writ of habeas corpus in state court raising the issues presented herein, which was denied without written order by the Texas Court of Criminal Appeals on March 30, 2005. *Ex parte Bush*, Application No. 60,641-01, at cover. Bush asserts that he filed a suggestion for reconsideration (hereinafter referred to as a motion for reconsideration) of the state court's denial on April 26, 2005, that remains pending. (Pet'r Motion to Stay and Abey at 1, Affidavit of Hubert Earl Teague, & Exhibits A-D.) Bush filed this federal petition for writ of habeas corpus on August 26, 2005.[1] Dretke has filed an answer and documentary exhibits, to which Bush has not timely replied.

---

[1] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Although the petition does not reflect the date Bush placed the petition in the prison mailing system, the cover letter accompanying the petition is dated August 26, 2005, and the petition was received for filing by the clerk of Court on August 31, 2005. Thus, for purposes of this action, the petition is deemed filed on August 26, 2005.

D. ISSUES

Bush raises six grounds for relief attacking his conviction and/or sentence. (Petition at 7-7a, 8-8c.)

E. STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct

3

review. For purposes of this provision, Bush's conviction became final and the one-year limitations period began to run upon expiration of the time that Bush had for seeking certiorari in the United States Supreme Court on December 9, 2003, and closed on December 9, 2004, absent any applicable tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

Under the statutory tolling provision, Bush's state habeas application operated to toll the limitations period for 146 days, making his petition due on or before May 4, 2005. *See* 28 U.S.C. § 2244(d)(2). Bush argues that he is entitled to additional tolling under the statutory provision from the date the Texas Court of Criminal Appeals denied his state habeas application forward because the state court has failed to adjudicate his motion for reconsideration. He asserts that he has attempted to determine the status of the motion to no avail, and, as such, he has filed this "protective" petition to avoid the predicament he finds himself in now in which his petition may be time-barred due to the state court's failure to consider the motion. (Pet'r Motion to Stay and Abey at 2.) The Texas Rules of Appellate Procedure expressly prohibit the filing of motions for rehearing in habeas cases. *See* TEX. R. APP. P. 79.2(d). Nevertheless, the Texas Court of Criminal Appeals may on its own initiative reconsider a case. *Id.*

Under these circumstances, the Fifth Circuit has held that a properly filed motion for rehearing in a state habeas case tolls the running of the federal limitations period from the date the state habeas application was denied to the date the letter denying the motion is issued by the Texas Court of Criminal Appeals. *See Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir. 2001); *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001). Bush's case is distinguishable, however, because Bush's alleged motion for reconsideration was apparently neither accepted by Texas Court

4

of Criminal Appeals as a properly filed motion for reconsideration nor docketed for consideration. (Resp't Answer at 2.) Instead, the Texas Court of Criminal Appeals's case information reflects that Bush's state application was denied without written order by the court on March 30, 2005, and the case stored. (State Court Papers.) Thereafter, the case information reflects only that a miscellaneous document was received by the court on April 29, 2005, without further details, and Bush has not provided a file-stamped copy of his motion for reconsideration.[2] On this record, it cannot be concluded that Bush properly filed a motion for reconsideration in the state court that would entitle him to additional tolling under § 2244(d)(2).

Nor is Bush entitled to additional tolling as a matter of equity. He does not raise the issue nor does the court find that this is a case where the petitioner should benefit from equitable tolling. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Bush has not alleged that he was actively misled about the filing of his federal habeas petition nor has he asserted extraordinary circumstances that prevented him from complying with

---

[2]Compare the state court's case information in *Emerson*, Application No. WR-28,436-01, and *Lookingbill*, Application No. WR-36,560-01, *available at* http://www.cca.courts.state.tx.

the federal limitations period. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). Bush waited almost a year before filing his state habeas application and admits that at that time he had only 29 days remaining before the federal limitations period expired. (Pet'r Motion to Stay and Abey at 1.) Nevertheless, he waited five months after his state application was denied to file his federal petition. It was Bush's obligation to keep himself informed of the status of the state court proceedings. His delay in filing his state application and his federal petition mitigates against equitable tolling. *See Nelms v. Johnson*, 51 Fed. Appx. 482, 2002 WL 31319277, at *1 (5th Cir. 2002) (not reported in the Federal Reporter).

Bush's federal petition was due on or before May 4, 2005. His petition, filed on August 26, 2005, was filed beyond the limitations period and is untimely.

## II.  RECOMMENDATION

Bush's motion to stay and abey his petition for writ of habeas corpus should be DENIED and his petition for writ of habeas corpus DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 17, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 17, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 24, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE